## FARMERS & MERCHANTS BANK OF PLATTE v. UNITED STATES.

### No. 561.

United States District Court
D. South Dakota.

March 2, 1949.

Bailey, Voorhees, Woods & Fuller, of Sioux Falls, South Dakota, for plaintiff.

Leo P. Flynn, United States Attorney, and Matthew A. Brown and George A. Bangs, Assistant United States Attorneys, all of Sioux Falls, South Dakota, for defendant.

WYMAN, District Judge.

The outcome of the above entitled controversy depends upon the effect to be given to plaintiff's answer to question (e) in its income and excess profits tax return for the year 1942.

It is undisputed that the return as submitted by plaintiff shows that said question (e) was answered "yes". It is the contention of the plaintiff that the answer appearing in the return was an inadvertent or typographical error and that the answer should have been "no" in accordance with the purpose and intent of the taxpayer.

The government contends that the taxpayer by submitting the return wherein the question was answered in the affirmative thereby exercised an election and that having done so the same is binding and conclusive.

If the assumption of the government to the effect that by submitting the return the taxpayer actually exercised an election, the conclusion as to its being of binding and conclusive effect is manifestly correct. But it is the contention of the taxpayer that it was its purpose and intent to answer the question "no", and that it was so answered on the work sheet or original draft of the return, and that the answer "yes" appearing in the return as submitted is an inadvertent and typographical error. If this contention is correct then the taxpayer, in fact, never exercised the election indicated by the return.

The evidence as to the purpose and intent of the taxpayer stands undisputed and is supported by the answer to the question (e) as it appears in the work sheet or original draft of the return, and the further fact that the calculation of the tax as shown by the return in omitting the inclusion of the income involved is inconsistent with the answer "yes" and is entirely consistent with the taxpayer's contention that its purpose and intent was to answer said question "no".

In view of the record I am convinced that the taxpayer never intended to and, in fact, never did make the election indicated by the answer in the return. In my opinion the authorities cited by the government in its brief are to be distinguished from the instant case in that in each of the cases cited the taxpayer had intentionally exercised an election and sought relief from the consequences thereof on the ground that the election was made under a lack of knowledge or proper understanding of the law.

In my opinion the evidence shows conclusively that it was the purpose and intent of the taxpayer to exercise an election directly contrary to that indicated by the inadvertent and erroneous answer in ques-

tion (2) in the return and that plaintiff is clearly and equitably entitled to the relief prayed for.

It follows that the decision must be in favor of the plaintiff and upon submission of proper Findings of Fact, Conclusions of Law and Judgment in accordance with the foregoing the same will be signed and entered of record.

This action coming regularly on to be tried before the Court, trial by jury having been waived, the plaintiff appearing by M. T. Woods, its attorney, and the defendant appearing by George A. Bangs, Esq., Assistant United States Attorney, and the Court having heard the evidence offered and having considered the same and being advised in the premises, makes its findings of fact and conclusions of law as follows:

### Findings of Fact.

The Court finds

1. That the plaintiff was at all times herein mentioned, since has been, and still is a banking corporation organized under and existing by virtue of the laws of the State of South Dakota.

2. That during all of the calendar year 1942 the plaintiff was engaged in the banking business at Platte in Charles Mix County, South Dakota.

3. That in due time after the conclusion of said year, plaintiff made its income, corporation excess profits tax and declared value excess profits tax returns for the year 1942 and paid the tax owing as calculated thereon and pursuant thereto.

4. That in the preparation of the said corporation excess profits tax return on Treasury Dept. form 1121, Page 2 thereof, there was a question (e) as follows: "in computing the excess profits credit under the invested capital method, do you elect to include in excess profits net income interest received on, reduced by the amount of amortizable bond premium under section 125, attributable to, all Government obligations described in section 22(b) (4) of the Internal Revenue Code? (Answer 'yes' or 'no').————." That in answering said question, through mistake and inadvertence and without so intending, the word

"yes" was inserted as the answer thereto instead of the word "no" as was intended; that thereafter the Office of the Revenue Agent in Charge (St. Paul, Minnesota) wrongfully, erroneously and illegally assessed a deficiency against the plaintiff on account of said mistake in answering said question (e) above, in the amount of $2,308.47, which sum the plaintiff was thereafter obliged to pay and did pay at various times during the years 1945 and 1946, the last of which was on March 16, 1946.

5. That thereafter, and on or about September 6, 1946, the plaintiff made, executed and filed its claim for a refund of the amount so paid to wit: $2,308.47 upon form 843 of the Bureau of Internal Revenue together with an amended and corrected Corporation Excess Profits Tax Return for the calendar year 1942 properly answering the question (e) above mentioned, "no" which claim was in due time filed with the Commissioner of Internal Revenue prior to September 15, 1946, and that no notice of denial of said claim has heretofore been received by or served upon the plaintiff.

6. That said question (e) was answered "yes" in the original return through mistake, inadvertence and excusable neglect; that plaintiff did not by said return elect to include in excess profits net income such interest attributable Government obligations nor by said answer or return intend to so elect, as appears upon the said return.

7. That upon a recomputation of the tax liability of the plaintiff for the year 1942, taking into consideration a deficiency of income tax and excessive allowance of post-war refund, all according to the figures of the Bureau of Internal Revenue, the plaintiff's overpayment of taxes for 1942 was the sum of $1,808.11.

### Conclusions of Law.

The Court concludes herein

1. That the plaintiff is entitled to have the said excess·profits income tax return corrected and reformed to conform to and reflect the true intention of the plaintiff and to the refund of the excessive tax so levied upon and exacted from plaintiff, amounting to $1,808.11, with legal interest thereon from the date of payment.

2. That the plaintiff is entitled to judgment against the defendant accordingly and for the sum of $1,808.11 with interest computed in accordance with the applicable statutes.